748 F.2d 523
 21 ERC 2115, 15 Envtl. L. Rep. 20,026
 CARSON-TRUCKEE WATER CONSERVANCY DISTRICT; Sierra Pacific
Power Company, a corporation; and State of
Nevada, Plaintiffs-Appellees,
v.
SECRETARY OF THE INTERIOR, et al., Defendants,
Pyramid Lake Paiute Tribe of Indians, Defendant-Intervenor-Appellant.
 No. 83-2542.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 16, 1984.
Decided Nov. 28, 1984.
 
 John M. Collette, Andrew J. Ogilvie, Collette & Erickson, San Francisco, Cal., Harold Swafford, John W. Hoffman, Bowen, Swafford & Hoffman, Reno, Nev., for plaintiffs-appellees.
 Jeanne S. Whiteing, Steven C. Moore, Native American Rights Fund, Boulder, Colo., for defendant-intervenor-appellant.
 Appeal from the United States District Court for the District of Nevada.
 Before DUNIWAY, SCHROEDER, and NORRIS, Circuit Judges.
 DUNIWAY, Circuit Judge:
 
 
 1
 The Pyramid Lake Paiute Tribe, having successfully intervened in the Water District's suit against the Secretary of the Interior, unsuccessfully sought attorney fees under the Endangered Species Act, 16 U.S.C. Sec. 1540(g)(4). Carson-Truckee Water Conservancy Dist. v. Watt, D.Nev., 1983, 575 F.Supp. 467 (Carson-Truckee III ). The Tribe appeals, arguing that the court applied the wrong legal test to determine whether an award of attorney fees was "appropriate." We affirm.
 
 
 2
 I. FACTS.
 
 
 3
 The underlying suit is one of many, over the years, involving water rights in the Truckee river area of California and Nevada. The Water District, Sierra Pacific Power Company, and the State of Nevada sued officials of the Department of the Interior, seeking to force sale of water impounded behind the Stampede Dam on the Little Truckee River under the Washoe Project Act, 43 U.S.C. Sec. 614. Interior has used the water primarily to reestablish in Pyramid Lake two species of fish--the cui-ui fish, an endangered species, and the Lahontan cutthroat trout, a threatened species--whose survival other diversions of water from the Truckee system has imperiled. The Tribe, opposing the sale of water for municipal and industrial use in the Reno-Sparks area, intervened as a defendant in the suit.
 
 
 4
 In the first phase of the case, the district court rejected several of the Tribe's defenses, holding that Interior must sell the Water District whatever Stampede Dam water was not needed to fulfill trust obligations to the Tribe and to protect the fish. Carson-Truckee Water Conservancy District v. Watt, D.Nev., 1982, 537 F.Supp. 106 (Carson-Truckee I ). In the second phase, the district court held that, under the Endangered Species Act, Interior must give species conservation priority over other purposes of Stampede Dam until the fish are no longer threatened. Carson-Truckee Water Conservancy District v. Watt, D.Nev., 1982, 549 F.Supp. 704 (Carson-Truckee II ). The district court also held that because the Endangered Species Act requirements controlled the outcome, Interior's trust obligations to the Tribe were not ripe for decision. Id. at 713. We recently reviewed these decisions on the merits. Carson-Truckee Water Conservancy District v. Clark, 9 Cir., 1984, 741 F.2d 257 (Carson-Truckee IV ).
 
 
 5
 Meanwhile, the district court granted the Tribe's motion for costs, expert witness fees, and attorney fees for services related to the issues under the Endangered Species Act. Upon receiving the Tribe's application, however, the district court became concerned about whether an award of attorney fees, particularly the amount requested, was appropriate under the facts of the case. After hearing fresh argument, the district court concluded that an award of attorney fees to the Tribe in any amount was inappropriate. The Tribe appeals.
 
 
 6
 II. MERITS.
 
 
 7
 A. Standard of Review.
 
 
 8
 The Tribe argues that the district court applied the wrong legal standard in denying attorney fees to the Tribe. Such questions of law are freely reviewable on appeal. Societe de Conditionnement v. Hunter Engineering Co., Inc., 9 Cir., 1981, 655 F.2d 938, 941; Miller v. United States, 9 Cir., 1978, 587 F.2d 991, 994. However, if the district court applied the correct legal standard, we review attorney fees awards under the Endangered Species Act for abuse of discretion. Cf. United States v. First Nat. Bank of Circle, 9 Cir., 1984, 732 F.2d 1444, 1446.
 
 
 9
 B. The Statute.
 
 
 10
 The citizen suit provisions of the Endangered Species Act authorize attorney fees awards when "appropriate":
 
 
 11
 The court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award is appropriate.
 
 
 12
 16 U.S.C. Sec. 1540(g)(4) (emphasis added).
 
 
 13
 C. The Trial Court's Decision.
 
 
 14
 The district court first stated the following standard:[T]o obtain such an award, I believe it is imperative that the Tribe show that the litigation involved important, complex or novel issues, that the case aided in interpreting the Act, and that the Tribe's efforts substantially contributed to the goals of the ESA. "[T]he dominant consideration is whether litigation by that party has served the public interest by assisting the interpretation and implementation" of the statute. Alabama Power Company v. Gorsuch, 672 F.2d 1, 3 (D.C.Cir.1982); see also Sierra Club v. Gorsuch, 672 F.2d 33 (D.C.Cir.1982) and Environmental Defense Fund v. Environmental Protection Agency, 672 F.2d 42 (D.C.Cir.1982).
 
 
 15
 575 F.Supp. at 469.
 
 
 16
 D. The Tribe's Argument.
 
 
 17
 The Tribe offers a two-step argument. It argues, first, that the Court of Appeals for the District of Columbia devised a dual standard of "appropriateness" for statutes such as Sec. 1540(g)(4), depending on whether the requesting party prevailed on the merits, and that in our case the district court erroneously applied the non-prevailing party standard. It argues, second, that in a decision announced three months before the district court's decision, the Supreme Court held that non-prevailing parties are not eligible for attorney fees awards. Ruckelshaus v. Sierra Club, 1983, 462 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). Thus, says the Tribe, the Court abolished the non-prevailing party standard that the district court erroneously relied on. We think, however, that both steps of the argument are wrong.
 
 
 18
 First, the D.C. Circuit cases, Alabama Power, Sierra Club, and Environmental Defense Fund, supra; see also Village of Kaktovik v. Watt, D.C.Cir., 1982, 689 F.2d 222, 224-25, set forth no dual standard. These decisions held that, under the "when appropriate" standard (of the attorney fees provision of the Clean Air Act, 42 U.S.C. Sec. 7607(f)), and similar provisions specifically including the Endangered Species Act, 16 U.S.C. Sec. 1540(g)(4), courts could award attorney fees to non-prevailing parties as well as to prevailing parties. See Ruckelshaus v. Sierra Club, supra, 462 U.S. 680, ---- n. 1, 103 S.Ct. 3274, 3276 n. 1, 77 L.Ed.2d 938; Kaktovik, 689 F.2d at 224 & n. 14. These cases articulated "one standard for appropriateness, and that standard allows courts to award attorneys' fees to parties who have 'substantially contributed' to the goals of the ... Act." Sierra Club, 672 F.2d at 42 n. 10 (emphasis in the original). See also id. at 36: "the relevant inquiry is whether the litigation--successful or not--furthered the goals of the Act." The cases "made clear that whether the party claiming costs or fees has prevailed does not control the inquiry on appropriateness, and that the dominant consideration is whether litigation by the party has served the public interest by assisting the interpretation or implementation of the ... Act." Alabama Power, 672 F.2d at 3.
 
 
 19
 Although these cases involved non-prevailing parties, they noted that "even a prevailing or substantially prevailing party who does not substantially contribute to the goals of the ... Act may not be entitled to attorneys' fees." Sierra Club, 672 F.2d at 38 n. 8. "Although a complainant may have substantially prevailed in an action, the award of costs and attorney fees does not automatically follow. There are other factors which the court should consider in determining the appropriateness of an award of costs and attorney fees." Id. at 39 n. 8, quoting Cuneo v. Rumsfeld, D.C.Cir., 1977, 553 F.2d 1360, 1365. See also Roosevelt Campobello Intern. Park Comm. v. Environmental Protection Agency, 1 Cir., 1983, 711 F.2d 431, 439-41 & n. 15 (awarding fees for prevailing issues proportional to the extent of the party's contribution to the development of the issues, but not for non-prevailing issues, while noting that "success is, of course, not the only criterion"); Kaktovik, supra, 689 F.2d at 228 & n. 44 ("while prevailing vel non is not to be a conclusive factor, it may be a relevant consideration" in determining whether a party's contribution is substantial); Florida Power & Light Co. v. Costle, 5 Cir., 1982, 683 F.2d 941, 943 (awarding fees to the prevailing party not automatically, but because result of suit will aid in the proper implementation and interpretation of the statute). We reject the Tribe's first argument, that the district court chose the wrong one of two standards.
 
 
 20
 As a second step, the Tribe argues that Ruckelshaus, in reversing the D.C. Circuit's decision in Sierra Club that non-prevailing parties are eligible for attorney fees, also eliminated the "substantial contribution" standard for non-prevailing parties. The Tribe argues that the test of "appropriateness" under Ruckelshaus is simply whether the claimant achieved "some degree of success on the merits." See Ruckelshaus, 462 U.S. at ----, 103 S.Ct. at 3281. Because the Tribe had some degree of success on the merits, it argues, it is entitled to an award of attorney fees as a matter of law. We disagree.
 
 
 21
 Ruckelshaus decided that it is not "appropriate" to award attorney fees to a party that achieved no success on the merits of its claims. 462 U.S. at ----, 103 S.Ct. at 3276; see Northern Plains Resource Council v. EPA, 9 Cir., 1984, 734 F.2d 408. The Court held that Congress intended the "when appropriate" standard to permit awards to partially as well as fully prevailing parties. The Tribe invalidly infers from this holding that all parties who achieve some degree of success on the merits are not only eligible for, but are entitled to attorney fees. But Ruckelshaus dealt only with eligibility for, not with entitlement to, a statutory award. See 462 U.S. at ----, n. 11, 103 S.Ct. at 3279-80, n. 11 (distinguishing permissive and mandatory statutory language); Sierra Club, 672 F.2d at 38 n. 8 (distinguishing issues of eligibility and entitlement). Nothing in Ruckelshaus suggests that the Court meant to reject the rule that, under the "when appropriate" standard, an eligible party must make a substantial contribution to the goals of a statute to be entitled to attorney fees.
 
 
 22
 The Tribe further argues that the proper standard for awarding attorney fees to prevailing parties is the standard adopted under the attorney fees provision of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000a-3(b), 2000e-5(k), and the Civil Rights Attorneys' Fees Act of 1976, 42 U.S.C. Sec. 1988. But while the D.C. Circuit cases involve attorney fees provisions that are "identical" to 16 U.S.C. Sec. 1540(g)(4), Ruckelshaus, supra, 462 U.S. at ----, n. 1, 103 S.Ct. at 3276 n. 1, the Civil Rights statutes involve the different "prevailing party" statutory standard, under which a prevailing plaintiff "should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust," Newman v. Piggie Park Enterprises, Inc., 1968, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263; but a prevailing defendant may get attorney fees only if the plaintiff's action was frivolous, meritless, or groundless, Hughes v. Rowe, 1980, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-79. See Ruckelshaus, 462 U.S. at ---- - ----, 103 S.Ct. at 3278-79. Because Ruckelshaus did not disapprove the D.C. Circuit standard for "when appropriate" statutes, but only its application to non-prevailing parties, the district court stated the correct standard.
 
 
 23
 E. Application of the Standard.
 
 
 24
 The district court stated its reasons for concluding that the Tribe's participation in this action did not substantially contribute to the goals of the Endangered Species Act. The issue under the Act was relatively narrow; the government had raised the issue before the Tribe intervened, and had energetically litigated the issue; and the Tribe raised defenses that were inconsistent with assisting in the interpretation or implementation of the Act. Carson-Truckee III, 575 F.Supp. at 469-70. We hold that the district court did not abuse its discretion.
 
 
 25
 F. Posture of the Case.
 
 
 26
 The attorney fees statute authorizes awards "in any suit brought pursuant to paragraph (1) of this subsection." 16 U.S.C. Sec. 1540(g)(4). Paragraph (1) provides that "any citizen may commence a civil suit" against any person or governmental entity that violates the Act, or against Interior to compel enforcement of the Act. Id. Sec. 1540(g)(1). The Water District had argued that because this is not literally such a suit, the attorney fees provision does not apply. See Roosevelt Campobello, 711 F.2d at 440 (raising but not resolving this question). While indicating that it disagreed with the Water District's argument, the district court declined to decide the issue because it had concluded that an award was not appropriate. 575 F.Supp. at 470. We, too, decline.
 
 
 27
 Affirmed.