Stella KASZA;  et al., Plaintiffs,

v.

Carol M. BROWNER, Administrator of the United States Environmental Protection Agency, Defendant.

No.  CV–S–94–795–PMP  (RLH).

United States District Court, D. Nevada.

July 23, 1996.

Jonathan Turley, Environmental Crimes Project, The National Law Center, Washington, D.C., for plaintiffs.

Kathryn E. Landreth, U.S. Attorney, J. Gregory Damm, Lois J. Schiffer, Asst. Attys. Gen., Russell M. Young, Trial Attorney, U.S. Dept. of Justice, Environmental & Natural Resources Division, Environmental Defense Section, Washington, D.C., for defendant.

### ORDER

PRO, District Judge.

Before the Court is the Plaintiffs' Motion for an Award of Attorney Fees (# 197), filed April 12, 1996. Defendant filed her Memorandum in Opposition to Plaintiffs' Motion for an Award of Attorney's Fees (# 200) on May 15, 1996. Plaintiffs filed their Reply (# 202) on June 7, 1996.

### I. Background

This is a citizen suit filed under the provisions of § 7002 of the Resource Conservation and Recovery Act ("RCRA"), codified at 42 U.S.C. § 6972. Plaintiffs are former workers at a classified site operated by the United States Air Force near the Groom Dry Lake Bed in Nevada that is the subject of the litigation. For the purposes of this litigation and because of its classified status, the Air Force site is referred to as "the operating location near Groom Lake."

On August 30, 1995, the Court entered an Order (# 133) granting in part and denying in part the Defendant's motion for summary judgment. The Court determined that the Administrator of the Environmental Protection Agency ("EPA") completed her statutory duties with regard to the inspection and inventory of the operating location near Groom Lake, rendering Plaintiffs' claims as to compliance with RCRA moot. The Court also determined that to the extent that Defendant did not seek a Presidential Exemption pursuant to RCRA § 6001(a) for the facility's compliance with RCRA's public disclosure requirements or alternatively did not declassify the inspection and inventory re-

ports at issue, summary judgment was inappropriate as to Plaintiffs' public disclosure claims. The Court ordered the Defendant to file a Declaration advising whether she would seek declassification of the Inspection and Inventory Reports at issue, or alternatively, exemption pursuant to § 6001(a) from compliance with the public disclosure requirements of RCRA.

On September 29, 1995, President Clinton issued a Memorandum to the Secretary of the Air Force and the Administrator of the Environmental Protection Agency finding that "it is in the paramount interest of the United States to exempt the United States Air Force's operating location near Groom Lake, Nevada ... from any applicable requirement for the disclosure to unauthorized persons of classified information concerning that operating location." Presidential Determination No. 95–45, printed in 60 Fed.Reg. 52823 (1995).

On January 12, 1996, the Court entered an Order (# 180) denying both the Plaintiffs' and the Defendant's motions for partial reconsideration of the Court's previous Order (# 133). The Court further entered a declaratory judgment by that Order (# 180) in favor of the Plaintiffs with regard to the Plaintiffs' claims seeking a declaration that the Defendant failed to comply with RCRA's public disclosure requirements with respect to the Inspection and Inventory Reports, and dismissed the lawsuit.

Plaintiffs then filed the instant Motion for Attorney Fees (# 197). Plaintiffs claim that they qualify as a "prevailing party" as that term is used in RCRA § 7002.

### II. Attorney Fees

#### A. Standard

RCRA § 7002 allows for an award of attorney fees as follows:

The court in issuing any final order in any action brought pursuant to this section ... may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing party or substantial-

ly prevailing party, whenever the court determines such an award is appropriate. 42 U.S.C. § 6972(e).

A plaintiff will qualify as a prevailing or substantially prevailing party if "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim." *Idaho Conservation League, Inc. v. Russell,* 946 F.2d 717, 719 (9th Cir.1991) (quoting *Andrew v. Bowen,* 837 F.2d 875, 877 (9th Cir.1988)); *see Washington Public Interest Research Group v. Pendleton Woolen Mills,* 11 F.3d 883, 887 (9th Cir.1993). To determine whether the relief sought was obtained, the Court must compare "what the lawsuit originally sought to accomplish" with "what relief actually was obtained." *Washington Public Interest Research Group,* 11 F.3d at 887; *Idaho Conservation League,* 946 F.2d at 719; *see generally Ruckelshaus v. Sierra Club,* 463 U.S. 680, 683–93, 103 S.Ct. 3274, 3276–82, 77 L.Ed.2d 938 (1983).[1] To determine whether there was a legal basis for the plaintiffs' claim, the Court must consider whether the claims asserted were "frivolous, unreasonable, or groundless, or whether the plaintiff continued to litigate after they became so." *Andrew v. Bowen,* 837 F.2d 875, 878 (9th Cir.1988) (quoting *Ortiz De Arroyo v. Barcelo,* 765 F.2d 275, 282 (1st 1985)).

The Ninth Circuit further differentiates "eligibility" for fee awards with "entitlement" to fee awards with statutes directing the Court to award fees "when appropriate." *Carson–Truckee Water Conservancy Dist. v.*

*Sec'y of the Interior,* 748 F.2d 523, 526 (9th Cir.1984) (interpreting fee-shifting provision of Endangered Species Act), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2139, 85 L.Ed.2d 497 (1985). A party who is eligible for fees under a fee-shifting provision because he or she is a prevailing party for purposes of the statute still must establish an entitlement to fees under the "when appropriate" standard. *Id.* That standard requires that an eligible party "make a substantial contribution to the goals of a statute to be entitled to attorney fees." *Id.*

Finally, RCRA limits the award of attorney's fees to those that are "reasonable." 42 U.S.C. § 6972(e). " 'The most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943.

**B. Eligibility and Entitlement**

In their lawsuit, Plaintiffs sought compliance with RCRA's inspection, inventory, and public disclosure requirements. Plaintiffs sought declaratory, injunctive, and other relief. The Court dismissed Plaintiffs' Inspection and Inventory claims on mootness grounds by Order (# 180) since the Adminis-

---

1. Plaintiffs assert that they are eligible for a fee award under § 7002 since they are "partially prevailing parties." Plaintiffs assert that the Supreme Court's interpretation in *Ruckelshaus* of the phrase "when appropriate" of the Clean Air Act to mean "partially prevailing parties" applies to all statutes containing the phrase "when appropriate." The Supreme Court in *Ruckelshaus* did conclude that the "when appropriate" standard under the Clean Air Act and identical statutes which did not mention "prevailing" parties was intended to permit fee awards to all partially prevailing parties. *Ruckelshaus,* 463 U.S. at 684–94, 103 S.Ct. at 3277–82. However, the case does not stand for the proposition that insertion of the phrase "when appropriate" in a fee-shifting provision always means "partially prevailing party" as Plaintiffs assert. *See id.*

A fair reading of RCRA § 7002 indicates that only "prevailing" or "substantially prevailing" parties are eligible for fee awards. Whether such an award is "appropriate" is a separate inquiry taken by the Court only if Plaintiff qualifies as a prevailing or substantially prevailing party. *See* 42 U.S.C. § 6972(e). This reading of § 7002 is in accordance with the statutory maxim that the express mention of one item is to the exclusion of another. This reading is also in accordance with general principles applicable to sovereign immunity which the Court must consider since Plaintiffs request a fee award in this case against the United States. *See Ruckelshaus,* 463 U.S. at 685, 103 S.Ct. at 3277.

Plaintiffs are not eligible for attorney fees as "partially" prevailing parties under RCRA § 7002.

trator provided evidence indicating that she complied with the inspection and inventory requirements under RCRA with regard to the operating location near Groom Lake.

However, this dismissal does not mean that Plaintiffs are not prevailing or substantially prevailing parties on these claims. Under Ninth Circuit precedent, if the lawsuit acted as a "catalyst" in prompting Defendant's action, Plaintiffs may be considered prevailing or substantially prevailing parties. *Kilgour v. City of Pasadena*, 53 F.3d 1007, 1010 (9th Cir.1995); *Idaho Conservation League*, 946 F.2d at 719. As the Court stated in its Order (# 133) granting summary judgment, "Plaintiffs' objectives in bringing this citizen suit have been accomplished: the Administrator has performed her nondiscretionary duties under RCRA with regard to the inspection and inventorying of the operating location near Groom Lake." The Plaintiffs' lawsuit acted as a catalyst to the performance of the Administrator's duties under RCRA. The Court finds that as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of Plaintiffs bringing this action. The Court further finds that the action was not frivolous. Accordingly, Plaintiffs qualify as substantially prevailing parties under RCRA § 7002 in regard to these claims.

■ With regard to the public disclosure claims, Plaintiffs alleged in their Complaint (# 4) that the EPA violated RCRA by failing to make public RCRA inspection and inventory information, and sought the public disclosure of that information. The Court granted declaratory judgment in Plaintiffs' favor on the public disclosure claims by Order (# 180), but dismissed Plaintiffs' demands for injunctive relief on those claims because of Presidential Determination 95–45. In this regard, Plaintiffs did not obtain the relief they originally sought in this lawsuit. Plaintiffs sought the public disclosure of Inspection and Inventory information, not a Presidential Determination exempting the operating location near Groom Lake from any disclosure requirement. While a declaratory judgment will constitute relief if it affects the behavior of the Defendant towards the Plaintiffs, *Rhodes v. Stewart*, 488 U.S. 1,

4, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988) (per curiam), Plaintiffs' technical victory on the claim for declaratory relief regarding the public disclosure requirements did not alter the Administrator's behavior towards Plaintiffs since the Administrator has no obligation to disclose publicly the Inspection and Inventory reports. *See Farrar*, 506 U.S. at 111–12, 113 S.Ct. at 572–73. As Plaintiffs did not obtain the relief they sought in this lawsuit, they did not prevail or substantially prevail on the public disclosure claims. *See Idaho Conservation League*, 946 F.2d at 719.

### C. Determination of Fees

■ The Court should calculate the amount of the award in accordance with the Supreme Court's substantial precedent on the standards for determining a reasonable attorney's fee. *See Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7 (principles are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party' "). There is no precise formula for determining a reasonable fee, but the request for attorneys' fees should not result in a second major litigation. *Hensley*, 461 U.S. at 436–37, 103 S.Ct. at 1941. A fee applicant must demonstrate the reasonableness of the hours; the opposing party must produce evidence challenging the same. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *Blum v. Stenson*, 465 U.S. 886, 892 n. 5, 104 S.Ct. 1541, 1545 n. 5, 79 L.Ed.2d 891 (1984).

■ Prevailing marketplace rates establish the lodestar figure, an amount determined by the reasonable hours spent on the litigation multiplied by a reasonable rate. *See Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989); *Blum*, 465 U.S. at 895, 104 S.Ct. at 1547; *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. A strong presumption exists that the lodestar figure represents a reasonable fee. *Blanchard v. Bergeron*, 489 U.S. 87, 95, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986)). The Court may consider the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.

1974), but these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9; *see Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975) (adopting factors listed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *see also Stewart v. Gates,* 987 F.2d 1450, 1453 (9th Cir.1993) (stating that consideration of whether fee is fixed or contingent is not relevant to determining basic fee).

█ The Court should exclude from this initial figure hours that were not "reasonably expended." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939. The Court should consider the skill and experience of various attorneys, as well as whether cases were overstaffed. *Id.* The Court may excise those hours claimed that are excessive, redundant or unnecessary. *Id.*

█ The Court should calculate a reasonable hourly fee according to prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum,* 465 U.S. at 895, 104 S.Ct. at 1547.

█ Defendant asserts that the total hours claimed are not reasonable when compared with the results obtained. *See, e.g., Farrar,* 506 U.S. at 114, 113 S.Ct. at 574; *Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943. The Court agrees. Based on the Court's review of the billing records provided in this case and the results obtained in this case, the Court finds that 385 hours should be credited to Mr. Turley and 201 hours should be credited to Ms. Manley.

█ Plaintiffs provides documentation of the work done by attorneys at various hourly rates. Plaintiffs assert that the rate for Ms. Manley, $110 an hour, is "considerably lower" than what she could have charged. *See* Affidavit of Larry Johns. Defendant asserts, however, that Ms. Manley's hourly rate is standard for the legal community in Las Vegas for attorneys of the same skill and experience. *See* Affidavit of James W. Bradshaw. The Court finds Ms. Manley's rate of $110 an hour reasonable in light of prevailing community standards, the skill and experience of Ms. Manley, and the nature of the case.

█ Plaintiff asserts that the rate charged to Mr. Turley, $200 an hour, is standard for the legal community in Las Vegas for attorneys of the same skill and experience. *See* Affidavit of Larry Johns. However, Defendant challenges that assertion based on the affidavit of James W. Bradshaw, who states that the appropriate rate is between $120 and $150 for Mr. Turley. The Court, drawing on its own experience in considering the prevailing market rate, finds that an hourly rate of $200 is reasonable and appropriate in this case. Accordingly, the Court will award attorney fees in the amount of $77,000 as to Mr. Turley and $22,110 as to Ms. Manley.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for an Award of Attorney Fees (# 197) is GRANTED;

IT IS FURTHER ORDERED THAT attorney fees are awarded to Plaintiffs as against Defendant in the amount of $99,110.00.