145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SWAN VIEW COALITION, INC., a non-profit corporation;
Resources Limited, Inc. a nonprofit corporation; Friends of
the Wild Swan a nonprofit corporation; Five Valleys Audubon
Society, a non-profit corporation; Sierra Club, a nonprofit
corporation, Plaintiffs-Appellants,
v.
John F. TURNER, Director of U.S. Fish and Wildlife Service;
Galen Buterbaugh, Regional Director of the U.S. Fish and
Wildlife Service, Region 6; Kemper M. Mcmaster, Acting
Supervisor, Montana U.S. Fish and Wildlife Service; F. Dale
Robertson, Chief, U.S. Forest Service, Department of
Agriculture; John Mumma, Regional Forester, Region 1, U.S.
Forest Service; Jerry Reese, Acting Supervisor, Flathead
National Forest, Defendants-Appellees.
 No. 96-36141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1998.
June 2, 1998.
 
 Appeal from the United States District Court for the District of Montana.
 Before: THOMPSON and TASHIMA, Circuit Judges, and STAGG, District Judge.**
 MEMORANDUM*
 LOVELL, J., Presiding.
 
 
 1
 Appellants (collectively Swan View) appeal the district court's order denying their motion for attorneys' fees. Swan View had filed suit against the Forest Service and the Fish and Wildlife Service (FWS) in 1989, alleging that the Forest Service was unlawfully "taking" protected grizzly bears, in violation of section 9 of the Endangered Species Act (ESA), through excessive road densities in the Flathead National Forest. After trial, but before the district court issued a disposition, the Ninth Circuit handed down its amended decision in Resources Limited, Inc. v. Robertson, 35 F.3d 1300 (9th Cir.1994), which concluded that the Forest Service had violated section 7 of the ESA during the required evaluation process before adopting the ten-year Flathead Forest Plan.
 
 
 2
 The Forest Service and the FWS were required to re-initiate ESA consultations on the then-existing Forest Plan, or as amended. The Forest Service chose to amend the Plan and then entered into the required consultations with the FWS. The amendment to the Plan and the subsequent consultations addressed, inter alia, the excessive road densities and the take of bears. As a result, Swan View's suit became moot, and the sole remaining issue concerned attorneys' fees. The district court found that Swan View's suit was not a "material factor" in the adoption of new road density standards and, therefore, that Swan View was not eligible for fees. We reverse.
 
 
 3
 We review de novo the legal standards applied by the district court to deny attorneys' fees. Carson-Truckee Water Conservancy Dist. v. Secretary of the Interior, 748 F.2d 523, 524 (9th Cir.1984). If the correct legal standards were applied, we review a decision to deny attorneys' fees for an abuse of discretion. Id. Whether the requisite causal connection existed between a lawsuit and the practical result achieved is a factual question reviewed for clear error. Forest Conservation Council v. Devlin, 994 F.2d 709, 712 (9th Cir.1993); Sablan v. Department of Fin., 856 F.2d 1317, 1325 (9th Cir.1988).
 
 
 4
 Under the citizen suit provision of the ESA, a court may award attorneys' fees to a party "whenever the court determines such an award is appropriate." 16 U.S.C. § 1540(g)(4). An award is "appropriate" where the plaintiffs have: (1) had "some degree of success on the merits", Ruckelshaus v. Sierra Club, 463 U.S. 680, 694, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983); and (2) contributed substantially to the goals of the ESA. Carson-Truckee, 748 F.2d at 524. Where a case is resolved before the court issues a final judgment, a party is eligible for attorneys' fees if it can show: (1) a "clear causal relationship between the litigation brought and the relief actually obtained;" and (2) a legal basis for the claim. Goehring v. Brophy, 94 F.3d 1294 (9th Cir.1996), cert. denied --- U.S. ----, 117 S.Ct. 1335, 137 L.Ed.2d 495 (1997). See also Devlin, 994 F.2d at 711; California Ass'n of Physically Handicapped, Inc. v. FCC, 721 F.2d 667, 671-72 (9th Cir.1983).
 
 
 5
 Here, the main issue before us is the preliminary question of Swan View's eligibility for fees. The government argues that the district court did not err in finding no clear causal relationship between Swan View's suit and the agency actions which mooted the suit.[1] In determining eligibility for fees, the district court had to inquire whether Sean View's lawsuit "was a 'material factor' or played a 'catalytic role' in bringing about the desired outcome." Wilderness Soc'y v. Babbitt, 5 F.3d 383, 386 (9th Cir.1993) (quoting Oregon Envtl. Council v. Kunzman, 817 F.2d 484, 497 (9th Cir.1987)). The district court concluded that the Swan View litigation was not a "material factor" behind the government's response to existing road densities. We disagree.
 
 
 6
 We conclude that the evidence does not support this ultimate finding. The district court's interpretation of the evidence was not a permissible one for the following reasons. First, it is probative that the agency's action closely tracked the relief sought by Swan View in this lawsuit. See Sablan, 856 F.2d at 1325. Second, key personnel in the agency decision-making process indicated that they believed that the Resources Limited mandate could have been addressed in its entirety without addressing road densities. Third, it was admitted that the Swan View suit was a "factor" in the agency's decision to address road densities. Finally, shortly after the amended Resources Limited decision was filed, the Forest Service noted in a strategy meeting that the court-ordered consultation process provided the agency with an "opportunity" to moot that Swan View suit, and the Forest Service issued a press release that stated that, due in part to the Swan View suit, road densities "will likely be factored into [the Resources Limited ] court-ordered process." In light of these admissions by key personnel, the district court clearly erred when it found that the Swan View suit was not a "material factor" in the adoption of new road density standards.
 
 
 7
 Swan View is entitled to a fee award only if its suit " 'substantially contributed' to the goals of the [ESA]." Carson-Truckee, 748 F.2d at 525 (citation omitted). See also, Western States Petroleum Ass'n v. EPA, 87 F.3d 280, 286 (9th Cir.1996); Abramowitz v. EPA, 832 F.2d 1071, 1079 (9th Cir.1987). The purpose of the ESA is to conserve threatened and endangered species. 16 U.S.C. § 1531(b). All federal agencies are required to use their authority to further the purposes of the ESA. 16 U.S.C. § 1531(c). Swan View's suit encouraged the Forest Service to address its unauthorized take of a protected species; therefore, Swan View contributed substantially to the goals of the ESA.
 
 
 8
 Finally, Swan View contends that the government never contested the reasonableness of the amount of attorneys' fees sought; therefore, that we should determine the amount of any award in the first instance. We decline the invitation. Because it ruled that Swan View was not entitled to fees, the district court never reached the issue of the reasonableness of the amount of any award. It should be afforded the opportunity to make that determination and we remand for a determination of the reasonableness of the amount of attorneys' fees requested.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 **
 Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 The government does not challenge Swan View's assertion that there was a legal basis for its claim