**ENVIRONMENTAL PROTECTION INFORMATION CENTER, INC. and Sierra Club, Inc., Plaintiffs–Appellees,**

v.

**PACIFIC LUMBER COMPANY, Scotia Pacific Holding Company and Salmon Creek Corporation, Defendants–Appellants.**

No. 99–16042, 99–16915.

D.C. No. CV–98–03129–MHP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2000.

Decided July 24, 2001.

Before WALLACE, FISHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The Pacific Lumber Company (Pacific Lumber) appeals from the district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court's order allowing attorneys' fees to the Environmental Protection Information Center, Inc. (EPIC). The district court had jurisdiction under 28 U.S.C. §§ 1331, 2201, and 2202 and 16 U.S.C. §§ 1540(c) and (g). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review attorneys' fees awards for an abuse of discretion, if the district court applied the correct legal standard. *Carson–Truckee Water Conservancy Dist. v. Sec'y of Interior*, 748 F.2d 523, 524 (9th Cir.1984). We reverse and remand.

In awarding EPIC attorneys' fees the district court relied on its finding that "[EPIC's] efforts resulted in court orders that established the application of section 7(d) of the [Act] to private [incidental take permit (ITP) ] applications as well as clarification that section 7 of the [Endangered Species Act (Act) ] applied to ITP applications under section 10." The district court also stated, "the issues of interpreting and applying section 7(d) of the act and 7(d)'s interactions with section 10 were novel, important and complex and the efforts of plaintiffs did aid in interpreting the [Act]." We have, however, in a related opinion directed the district court to vacate its order of March 15, 1999 (March 15 order) because it was entered without jurisdiction. That order addressed

> (1) whether the section 7 consultation requirements apply to ITP applications under section 10(a) of the ESA, and if so, whether the requisite consultation has been initiated to trigger the section 7(d) prohibitions; and (2) whether plaintiffs have made a sufficient showing that PALCO's timber harvesting in the areas of the proposed THPs is an irreversible or irretrievable commitment of resources in violation of section 7(d).

We have also directed the district court to vacate portions of its order dated May 5, 1999 (May 5 order), in which the district court engaged in an extensive discussion of the interaction between sections 7 and 10 of the Act.

 Thus, the district court cannot sustain an attorneys' fees award by relying on either the March 15 order or its further analysis of the Act contained in the May 5 order. The district court shall reconsider the attorneys' fees issue without reliance on the March 15 order or that part of the May 5 order we have directed be vacated.

REVERSED AND REMANDED.