SACHS AUTOMOTIVE PRODUCTS CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND FEDERAL-MOGUL CORP., DEFENDANT-INTERVENOR[1]

Court No. 92–04–00271

(Decided April 26, 1993)

*Appearances:*
  *Fenwick & West (Roger Golden* and *Christopher Costa,* Esqs.), for plaintiff.
  *Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Civil Division, Commercial Litigation Branch, U.S. Department of Justice *(A. David Lafer,* Senior Trial Counsel), for defendant.

MEMORANDUM OPINION AND ORDER

NEWMAN, *Senior Judge:* This action is brought under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) to challenge the final determinations of the Department of Commerce ("defendant" or "Commerce") that certain clutch release systems of plaintiff ("Sachs") are within the scope of antidumping and countervailing duty orders covering antifriction bearings from Germany (Admin. Rec. 13). The issue currently before the court arises from defendant's motion for a protective order and plaintiff's cross-motion to compel discovery. Additionally, defendant moves for sanctions under USCIT Rule 11 and Sachs seeks expenses and attorney's fees under USCIT Rule 37(a)(3).

BACKGROUND

In 1989, Commerce issued its final determination of sales at less than fair value in *Antifriction Bearings (Other Than Roller Bearings) and*

---

[1] Did not appear at oral argument.

*Parts Thereof from the Federal Republic of Germany.* 54 Fed. Reg. 18,992 (May 3, 1989). Thereafter, on June 14, 1991 Sachs filed an Application for Scope Exclusion Determination on Antifriction Bearings; and on July 15, 1991 Sachs' representatives met with Commerce to discuss the exclusion request ("the July 15 meeting"). Among those present were: Martha J. Butwin, a case analyst who has since left Commerce; Melissa G. Skinner, Program Manager; Roger Golden, counsel for Sachs; and Heinz K. Wolfmaier, the President of Sachs. Wolfmaier has sworn in an affidavit that he produced, *inter alia,* catalogs of both Sachs' and other manufacturers' products at the July 15 meeting.

On March 17, 1992 Commerce issued its final determination, denying Sachs' application. This action followed. Defendant filed the administrative record on June 15, 1992. However, on June 26, 1992 Sachs served defendant with broad discovery requests, seeking to obtain information that it contended was part of the record but was not then on file with the court. Defendant declined to respond to Sachs' discovery requests, invoking the general rule that review under USCIT Rule 56.1 does not permit discovery save under exceptional circumstances. *See, e.g., Saha Thai Steel Pipe Co., Ltd. v. United States,* 11 CIT 257, 661 F. Supp. 1198 (1987).

On November 12, 1992 counsel for Sachs and Commerce met to discuss an informal agreement to add certain documents that Commerce had omitted from the record. Sachs also discussed its "reasonable basis" for believing that *ex parte* communications had occurred between "agent(s) and/or representative(s)" of Federal-Mogul (the defendant-intervenor) and Commerce. The basis for this assertion appears to be a disclosure by the case analyst to Sachs' counsel that she had spoken with some unidentified person at Federal-Mogul a "couple of times," and that Federal-Mogul had thereby communicated its opposition to Sachs' application. Sachs is unable to related with precision or specificity the content of those communications.

DISCUSSION

I

Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a (1980 & 1993 Supp.), provides that the court shall hold unlawful any scope determination found to be unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B). For purposes of a final scope determination, the record is defined by statute as:

> (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and
> (ii) a copy of the determination, all transcripts of records of

conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (1980 & 1993 Supp.).
  Section 1677f(a)(3) provides, in relevant part:

> The administering authority and the Commission shall maintain a record of any ex parte meeting between—
>> (A) interested parties or other persons providing factual information in connection with a proceeding, and
>> (B) the person charged with making the determination, or any person charged with making a final recommendation to that person, in connection with that proceeding,
> if information relating to that proceeding was presented or discussed at such meeting.

19 U.S.C. § 1677f(a)(3). Thus, any *ex parte* communication that is required to be recorded under section 1677f(a)(3) is likewise required by statute to be included in the administrative record.

## II

The court initially addresses the issue of the alleged *ex parte* communications. Defendant maintains that discovery should not be granted because judicial review of a countervailing duty decision is limited to the agency record. *See Saha Thai Steel Pipe Co., Ltd. v. United States,* 11 CIT 257, 259, 661 F. Supp 1198, 1201 (1987); *Atlantic Sugar Ltd. et al. v. United States,* 85 Cust. Ct. 131, C.R.D. 80–16 (1980). Nevertheless, Sachs cites an exception to this rule that applies when a plaintiff can show a "reasonable basis" exists to believe that the administrative record is incomplete. *Saha Thai,* 11 CIT at 262, 661 F. Supp. at 1201 (*citing, inter alia, Natural Resources Defense Council, Inc. v. Train,* 519 F.2d 287, 291–92 (D.C. Cir. 1975)). If Sachs were able to demonstrate that *ex parte* communications had taken place, and that these communications involved the exchange or transmittal of information significantly bearing on the scope determination, such information would necessarily be part of the record for review. 19 U.S.C. § 1677f(a)(3). Predicated upon the motion papers and oral submissions before it, however, the court determines that Sachs has not overcome the threshold of the "reasonable basis" test.

At the oral argument held on April 13, 1993 counsel for Sachs asserted that Martha Butwin, the case analyst at Commerce, informed him that she had conducted *ex parte* telephone conversations with someone at Federal-Mogul. But counsel could not identify the person with whom the case analyst had spoken. The nature of the *ex parte* communications between Butwin and the Federal-Mogul representative was apparently to inform Commerce that Federal-Mogul would take a position adverse to Sachs' application for a scope exclusion determination.

Counsel conceded that his recollection of his conversation with Commerce was based on "sketchy" notes and he could not define the substance of the *ex parte* contacts beyond Federal-Mogul's alleged

statement that "one bearing is just like any other." In the opinion of the court, Sachs has failed to meet its burden to show that a "reasonable basis" exists to believe that the communications at issue are of the type that necessarily would have to be recorded, and that the record is incomplete for that reason.[2]

In *Saha Thai,* the Thai plaintiffs strenuously argued that the absence of any record of *ex parte* contacts relating to the President's Steel Program was in itself evidence of an incomplete record, given the highly politically charged nature of the program and its putative relationship with Commerce's application of the unfair trade laws. 11 CIT at 261–62, 661 F. Supp. at 1203. The *Saha Thai* court rejected that argument, holding that mere speculation will not give rise to a "reasonable basis" to doubt the completeness of the record. The same result is compelled here. Although Sachs has satisfied the court that someone at Federal-Mogul telephoned Commerce, it has not been shown that substantive information relating to the scope exclusion proceeding was presented to or discussed with Commerce during those conversations. 19 U.S.C. § 1677f(a)(3). The court has no choice but to guess as to the latter point. Given that the clues before it are somewhat anorectic, the court is not prepared to presume that Commerce has concealed a source of material information that it received in connection with the scope proceeding, and hence, as to the alleged *ex parte* communications, defendant's motion for a protective order is granted.

## III

The court next addresses certain other gaps that Sachs has identified within the record. Sachs moves to compel discovery of several documents, with the object of submitting them for inclusion in the record. First, Sachs seeks discovery with regard to the catalogs of ball and roller manufacturers that it has substantiated were submitted at the July 15 meeting and filed with Commerce during the course of its investigation. Declaration of Heinz K. Wolfmaier at 2, 4. Indeed, Mr. Wolfmaier's affidavit is precise and specific relative to the facts concerning the catalogs he submitted as part of the record. On the contrary, defendant has not adduced evidence that the catalogs were not submitted. Thus, the court deems Sachs' assertion that the catalogs were submitted to be uncontroverted, and considers that the catalogs were presented to and obtained by Commerce during the course of the scope exclusion proceedings.

Although the catalogs must be deemed properly part of the record in this case, the court is informed that Commerce cannot locate them in its files. Additionally, as to certain manufacturers, plaintiff may not be able

---

[2] Defendant has additionally raised the contention that the case analyst was not a "decision maker" such as described in 19 U.S.C. § 1677f(a)(3)(B). If the analyst were not such a person, no statutory obligation to record *ex parte* communications would exist, and the record would not be incomplete by virtue of their absence. Since the court determines that Sachs has failed to demonstrate that it is entitled to discovery in any event, *infra,* the court need not decide that issue. It should be noted, however, that a similar argument was met with skepticism in *Exxon Corp. v. Dep't of Energy,* 91 F.R.D. 26, 36 (N.D. Tex. 1981).

to submit catalogs of the same edition and year as were originally submitted to Commerce.[3] The problem before the court is, therefore, to what extent Sachs may be permitted to "reconstruct" the information that was before Commerce in the original catalogs.

In *Daewoo Electronics Co., Ltd. v. United States,* 10 CIT 754, 650 F. Supp. 1003 (1986), the court granted a motion to compel the production of data sets in a format that was different from the form in which the data was originally submitted to Commerce. Production of data in a different format was necessary because the defendant-intervenor could not process Commerce's data sets in its own, smaller computer system and Commerce was no longer in possession of the computer instructions according to which its own data sets had been constructed from the raw tapes. The court rejected Commerce's argument that production of the data in sequential files would result in generating data that was not used in the administrative review. 10 CIT at 755, 650 F. Supp. at 1005. Although *Daewoo* merely required Commerce to arrange in a different form the same information that was before it during its review, the factual similarities between *Daewoo* and the instant case are instructive and compelling.

To put the matter simply, if pictures of antifriction bearings and clutch release systems appeared in one edition of a catalog before the agency, it should be no bar to their inclusion in the record that the only present source of the same pictures should be a later edition of that catalog. Following the rationale in *Daewoo,* the court considers that the logical solution herein is to permit Sachs to supplement the record with "substantially similar" documentation from later editions of the relevant catalogs. Sachs, however, is to provide an explanation, under oath, of the variances that may exist between the newer catalogs and the ones originally submitted to Commerce. Such variances, of course, will not be regarded as part of the administrative record. Sachs must also specify, where possible, which of the catalogs are identical to those it originally submitted.

## IV

The court must deny plaintiff's motion with regard to the following documents:

> 1. Memorandum to Joseph Spetrini from Richard Moreland, May 10, 1990, A–428–801 (OADC:CH);
> 2. International Standards Organization (ISO) ball bearing standards including standards determined by Annular Bearing Engi-

---

[3] Defendant objected to plaintiff's discovery request on the grounds that plaintiff did not submit 10 copies of the catalogs in conformity with 19 C.F.R. § 353.31(e)(2). In light of the fact that Commerce accepted these documents without requiring compliance with the regulation, the court finds that under the facts and circumstances of this case the regulation has been waived by the agency. Parties appearing before Commerce should be on notice, however, that the regulation safeguards their ability to build a complete administrative record, as well as the interests of the agency.

neers Committee (ABEC) of Antifriction Bearing Manufacturers Association, Inc. (AFBMA); and,

3. USITC Publication 2374, pages A–1, A–7 and A–8.

The above documents were cited in Sachs' application, but were not otherwise "presented to or obtained by" Commerce. 19 U.S.C. § 1516a(b)(2)(A)(i). The court agrees with defendant that Commerce is not obligated to locate and copy every document cited in Sachs' application for inclusion in the record. Consequently, their addition at this stage would result in the creation of a "new" record in this court, rather than the record upon which Commerce's action is to be judged. This branch of defendant's motion is accordingly granted.

## V

Plaintiff's motion for attorneys fees under Rule 37(a) and defendant's motion for Rule 11 sanctions are both denied.

### CONCLUSION

The court emphasizes that it is only the faithful application of the rules governing judicial review of administrative action that demands the result here. Although the court recognizes that discovery is the exception and not the rule, the suggestion of secret *ex parte* conferences between Commerce and a domestic manufacturer raises serious concerns that do not disappear for the sole reason that the foreign manufacturer and its counsel have failed to uncover a "smoking gun."

Plaintiff's motion to compel discovery and for attorney's fees is DENIED. Defendant's motion for a protective order is GRANTED. Defendant's motion for Rule 11 sanctions is DENIED.

The court grants plaintiff leave to submit for inclusion in the record substitute catalogs in lieu of those submitted on July 15, 1991. Such supplemental material, along with affidavit(s) as described above, is to be submitted to Commerce no later than May 10, 1993.

In view of the need for an expeditious conclusion to this matter, the following schedule is ordered. Plaintiff will file its motion for judgment on the agency record on or before June 21, 1993. Defendant will file its response brief on or before July 21, 1993. Plaintiff will file its reply, if any, on August 2, 1993. Finally, the parties are directed to append to their briefs copies of any pages that they cite from the administrative record.