TATEL, Circuit Judge,
concurring:
I write separately to emphasize that in my view, the disclosure ordered by the *243 court in Part IIB is particularly important because the Commission’s failure to turn over the unredacted studies undermines this court’s ability to perform the review function APA section 706 demands. That provision requires us to set aside arbitrary and capricious agency action after reviewing “the whole record,” 5 U.S.C. § 706, and the “whole record” in this case includes the complete content of the staff reports the Commission relied upon in promulgating the challenged rule.
We described the APA’s “whole record” requirement in Walter O. Boswell Memorial Hospital v. Heckler, 749 F.2d 788 (D.C.Cir.1984). There, because the Department of Health and Human Services had improperly failed to supply the court — and the plaintiffs — with the whole administrative record, we remanded the case to the district court. Id. at 790, 793. Following the standard set forth in Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) (“[R]eview is to be based on the full administrative record that was before the Secretary at the time he made his decision.” (emphasis added)), we explained that for a court “to review an agency’s action fairly, it should have before it neither more nor less information than did the agency when it made its decision.” Boswell Mem’l, 749 F.2d at 792. Observing that “[s]ome of the documents of which the plaintiffs were apparently unaware [we]re quite critical of the ... study that the [agency] cite[d] as a basis for the [final rule],” id. at 793, we explained that “reviewing] less than the full administrative record might allow a party to withhold evidence unfavorable to its case, and so the APA requires review of ‘the whole record,’ ” id. at 792 (quoting 5 U.S.C. § 706).
A similar situation confronts us here. Given that the Commission relied on the studies at issue, there can be no doubt that they form part of the administrative record — a proposition unaffected by the Commission’s claim that it chose not to rely on various parts of the studies. See 28 U.S.C. § 2112(b) (“The record to be filed in the court of appeals ... shall consist of the order sought to be reviewed or enforced, the findings or report upon which it is based, and the pleadings, evidence, and proceedings before the agency ... concerned.” (emphasis added)); Fed. R. App. P. 16 (“The record on review or enforcement of an agency order consists of ... any findings or report on which it is based.” (emphasis added)). Nor is there any doubt that, as our case law makes clear, the APA means exactly what it says: an agency must make the “whole record” available, especially where, as here, the undisclosed portions might very well undercut the agency’s ultimate decision, see Maj. Op. at 237-38.
This conclusion makes sense given that in the context of the APA, arbitrary and capricious review and the substantial evidence test “ ‘are one and the same’ insofar as the requisite degree of evidentiary support is concerned.” Consumers Union of U.S., Inc. v. FTC, 801 F.2d 417, 422 (D.C.Cir.1986) (quoting Ass’% of Data Processing Serv. Orgs. v. Bd. of Governors of the Fed. Reserve Sys., 745 F.2d 677, 683 (D.C.Cir.1984)). Because “[t]he substan-tiality of evidence must take into account whatever in the record fairly detracts from its weight,” Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), for petitioners to mount a substantial evidence challenge, and for us to resolve it in any meaningful sense, agencies must disclose information that appears to “fairly detract[ ] from [the] weight” of the evidence, id. The redacted portions of the Commission’s staff reports fall neatly into that category, meaning that, as petitioner persuasively argues, “[disclosure of the complete content of *244 these studies is essential not just for com-menters, but also the reviewing court.” Pet’r’s Opening Br. 33-34 (emphasis in original). Contrary to the Commission’s claim that petitioner’s substantial evidence argument would compel the agency to “make available for public comment every internal document in its entirety that the agency’s staff prepares relating to a rule making proceeding,” Resp’ts’ Br. 45, APA section 706 requires disclosure only of staff studies relied upon by the agency and thus contained in the record. Agencies retain discretion to craft staff reports and studies as they see fit, or to exclude such studies from the record altogether simply by declining to rely on them. Under the Commission’s view, however, an agency could redact from studies on which it expressly relies any evidence that “fairly detracts” from a proposed rule, thereby evading its obligation to account for contrary record evidence. Indeed, in this very case the Commission redacted individual lines from certain pages on which it otherwise relied. Maj. Op. at 237. Faced with selective redactions of this sort, we cannot perform the review function Congress has assigned us.
This is hardly a novel conclusion. In previous informal rulemaking cases, we ordered additional agency disclosures to facilitate meaningful arbitrary and capricious review of agency action. In Kent County, Delaware Levy Court v. EPA, 963 F.2d 391 (D.C.Cir.1992), for example, we directed the agency to supplement the administrative record with internal agency documents that “relate[d] to the position of the agency’s own experts on [a] question central to th[e] case.” Id. at 396. “To deny their relevance,” we explained, “would be inconsistent with rational decisionmaking by an administrative agency.” Id. Indeed, in Kent County we ordered the agency to supplement the administrative record even though there was no indication “that the agency [had] purposefully excluded the documents.” 963 F.2d at 396. Here, by contrast, there is little doubt that the Commission deliberately attempted to “exclude[ ] from the record evidence adverse to its position,” a circumstance in which “this court [has] recognized that supplementing the administrative record might be proper.” Id. (internal quotation marks omitted); see also Natural Resources Def. Council v. Train, 519 F.2d 287, 292 (D.C.Cir.1975) (remanding to enable plaintiffs “to determine, by limited discovery, whether any other documents which are properly part of the administrative record have been withheld”); 28 U.S.C. § 2112(b) (“If there is omitted from the record any portion of the proceedings before the agency ... which the court subsequently determines to be proper for it to consider to enable it to review or enforce the order in question[,] the court may direct that such additional portion of the proceedings be filed as a supplement to the record.”).
It is true, as we pointed out in Boswell Memorial, that APA section 706 “does allow review based not only on ‘the whole record,’ but also on ‘those parts of it cited by a party.’” 749 F.2d at 793 (quoting 5 U.S.C. § 706). Acknowledging that such an approach would sometimes be “fundamentally unfair,” id., however, we carefully circumscribed this possibility: *245 ld.; see also 28 U.S.C. § 2112(b) (allowing review of partial record if all parties agree). Because the plaintiffs in Boswell Memorial were left in the dark about several documents that the agency later submitted in related cases, we refused to base our review on what we considered an incomplete record. Such an approach would have been unfair, we explained, because with “no check upon the failure of the agency to disclose information adverse to it, the normal pressures towards inclusion of all relevant material in the record before the court [we]re absent.” 749 F.2d at 793. Because here, as in Boswell Memorial, “reviewing] less than the full administrative record might allow a party to withhold evidence unfavorable to its case,” id. at 792,1 agree that the appropriate course is to remand the case with an order to disclose the entire studies on which the Commission relied — warts and all.
*244 For review to go forward on a partial record, we would have to be convinced that the selection of particular portions of the record was the result of mutual agreement between the parties after both sides had fully reviewed the complete record. In that situation, we might naturally assume that the omitted portions did not materially affect either party’s case and, for our own convenience, review the case on that portion of the record cited by the parties.