Louis GONZALES, et al., Plaintiffs,

v.

Marti FELKER, et al., Defendants.

No. C72–263.

United States District Court,
N.D. Ohio,
Western Division.

Feb. 5, 1997.

## MEMORANDUM OPINION

KATZ, District Judge.

Before the Court is the Plaintiffs' motion for interim award of attorney fees and expenses. Defendants have filed a memorandum in opposition and Plaintiffs have filed a reply thereto. The Court heard oral argument on Plaintiffs' motion on January 2, 1997. For the following reasons, the Court will find that Plaintiffs are entitled to a total of $81,018.82 in fees and costs.

## I. BACKGROUND

On August 3, 1972, Plaintiffs filed this action challenging various employment practices of the Toledo, Ohio Police Department (the "Department") as violative of 42 U.S.C. § 1983. In November, 1974, the parties entered into a consent decree designed to integrate the Department's workforce and to establish non-discriminatory hiring criteria. The consent decree, as amended in 1984, set hiring goals of 17.4% for African–American cadets and 2.8% for Hispanic cadets, and authorized Plaintiffs to hire an impartial expert to evaluate the Department's written hiring examinations for validity.

On October 27, 1995, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction prohibiting the Department from swearing in a new police class. Plaintiffs argued that the Department used discriminatory selection procedures in choosing the incoming police class, and that those selection procedures resulted in a class composed of a disproportionately low percentage of African–American members. The late District Judge Don J. Young denied Plaintiffs' motion, and then ordered the parties to show cause why the Court should not vacate its 1974 consent decree as amended and terminate jurisdiction.

On June 26, 1996, this Court[1] determined that the Department was in compliance with the consent decree's requirements and the objectives of the decree had been met, and terminated the decree in accordance with the criteria set forth by the Sixth Circuit in *Heath v. DeCourcy,* 992 F.2d 630, 633 (6th Cir.1993). Specifically, the Court found that the Department's current composition of 18.2% African–American and 6.7% Hispanic employees not only met, but exceeded, the parties' stipulated hiring goals. The neutral, Court-appointed expert found that the Department's written examination was valid, job-related, and provided a reasonable prediction of job performance. Since the Department had become integrated, and had complied with the terms of the consent decree for twenty-two years, the Court terminated the decree.

At issue in this motion are the attorney fees incurred by Plaintiffs from July 1, 1995 to July 22, 1996, both in Plaintiffs' unsuccessful attempt to enjoin the hiring of the Fall, 1995 police class and in Plaintiffs' failed efforts to oppose the termination of the consent decree. Plaintiffs have requested a total of $92,535.50 in attorney's fees and $10,249.32 in costs, as well as attorney fees in the amount of $243.00 for time spent in preparing the fee petition here at issue. The amount requested was calculated as follows:

| ATTORNEY[2] | HOURS | RATE | TOTAL |
|---|---|---|---|
| Kevin Mulder | 546.40 | $165 | $ 90,156.00 |
| Tiffanie McDonald | 19.00 | $ 50 | $ 950.00 |
| Awais Sufi | 5.00 | $ 50 | $ 250.00 |
| Barbara Streby | 18.10 | $ 65 | $ 1,176.50 |
| | | ABLE Attorney fees subtotal: | $ 92,532.50 |
| | | Litigation expenses: | $ 10,249.32 |
| | | Outside Counsel for Fee Petition: | $ 243.00 |
| | | GRAND TOTAL: | $103,024.82 |

Defendants have objected to virtually all of the fees requested. They suggest that the following are the only reasonable and necessary expenses incurred from July 1, 1995 to July 22, 1996:

---

1. The action was reassigned to this Judge's docket upon Judge Young's death in May, 1996.

2. Tiffanie McDonald and Awais Sufi are law students who were employed by ABLE. Barbara Streby is a paralegal. Their services are compensable under 42 U.S.C. § 1988. *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407–08 (9th Cir.1990).

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Kevin Mulder | 28.40 | $165 | $ 4,686.00 |
| Tiffanie McDonald | 0.00 | $ 50 | $ 0.00 |
| Awais Sufi | 0.00 | $ 50 | $ 0.00 |
| Barbara Streby | 0.00 | $ 65 | $ 0.00 |
| | | ABLE Attorney fees subtotal: | $ 4,686.00 |
| | | Litigation expenses: | $ 00.00 |
| | | Outside Counsel for Fee Petition: | $ 243.00 |
| | | GRAND TOTAL: | $ 4,929.00 |

The Court discusses the parties' contentions below.

## II. DISCUSSION

### A. Prevailing Party's Entitlement to Attorney Fees

■ A prevailing plaintiff in any federal civil rights action or proceeding is presumptively entitled to reasonable attorneys' fees, which may include expert fees, as part of the costs. 42 U.S.C. § 1988(b) & (c). A reasonable attorneys' fee may include post-judgment monitoring of a consent decree. *Joseph A. v. New Mexico Dept. of Human Servs.*, 28 F.3d 1056, 1059 (10th Cir.1994); *Keith v. Volpe*, 833 F.2d 850, 855–57 (9th Cir.1987). Such work is compensable if it is "reasonably related to compliance and monitoring work," *Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir.1995), "useful and of a type ordinarily necessary to a successful outcome," *McDonald v. Armontrout*, 860 F.2d 1456, 1462 (8th Cir.1988) (quoting *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 561, 106 S.Ct. 3088, 3096, 92 L.Ed.2d 439 (1986), or "necessary to protect rights and related to the initial purpose for bringing suit," *White v. Morris*, 863 F.Supp. 607, 610 (S.D.Ohio 1994)). Therefore, the Plaintiffs to this action are presumptively entitled to reasonable and necessary attorneys' fees incurred in connection with post-judgment services designed to ensure compliance with the consent decree.

Thus, the Court must determine, first, whether the services provided in this case are compensable, and, if they are, what constitutes a reasonable amount to be paid for those services. In calculating the amount of reasonable fees, the Court has taken guidance both from its own experience in the private sector and from the myriad of case law on the subject. The Sixth Circuit uses the following factors in determining the amount of fees to be awarded:

(1) the value of the benefit rendered to the plaintiff class (*i.e.*, the results achieved);

(2) the value of the services on an hourly basis;

(3) whether the services were undertaken on a contingent fee basis;

(4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(5) the complexity of the litigation; and

(6) the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer*, 922 F.Supp. 1261, 1280 (S.D.Ohio 1996), *aff'd*, 102 F.3d 777 (6th Cir. 1996).

### B. Entitlement to Fees for Attempt to Enjoin Hiring of 1995 Police Class

■ The first issue before the Court is whether Plaintiffs are entitled to the legal fees they incurred in preparing and litigating their unsuccessful motion to enjoin the hiring of the 1995 police class. Defendants argue that these services are not compensable because the motion constituted an attempt to modify the consent decree, rather than an attempt to monitor or enforce the decree.

The Court disagrees. First, the motion was related to the initial purpose for bringing suit, which was to integrate the Depart-

ment's workforce and to establish non-discriminatory hiring criteria. Second, even if the motion were an attempt to modify the decree, the history of this litigation over the past twenty-two years has included many occasions on which the initial consent decree was amended. The 91.40 hours that attorney Keith Mulder spent on this portion of the litigation are approved in their entirety.

### C. Entitlement to Fees for Opposition to Termination of Consent Decree

■ The second issue before the Court is whether Plaintiffs are entitled to the legal fees they incurred in preparing and litigating their unsuccessful opposition to termination of the consent decree. Defendants argue, without citing to any case law in support of their argument, that an attempt to oppose the termination or modification of a consent degree is not compensable because the opposition does not relate directly to monitoring or enforcement of the decree.

The Court disagrees. While it is true that Plaintiffs' initial status as prevailing parties does not automatically entitle them to compensation for an unsuccessful opposition to termination of a consent decree, *see Plyler v. Evatt,* 902 F.2d 273, 281 (4th Cir. 1990), Federal Courts have generally held that opposition to efforts to modify or terminate a consent decree is compensable, when that opposition is reasonably related to the purpose of the original litigation, *see id.,*

*Natural Resources Defense Council v. Administrator, E.P.A.,* 595 F.Supp. 65, 71 (D.D.C.1984), *aff'd,* 801 F.2d 457 (D.C.Cir. 1986); *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania,* 581 F.Supp. 1412, 1428–29 (E.D.Pa.1984), *aff'd,* 762 F.2d 272 (3d Cir.1985), *aff'd in part rev'd in part,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). In this case, Plaintiffs' opposition to termination of the consent decree was related to the dual purposes of ensuring an integrated police department and the establishment of non-discriminatory hiring criteria. Since the opposition was related to the purpose of the original litigation, it is a compensable post-judgment legal service.

■ The Court is, however, of the opinion that that the amount of time expended in opposing dismissal of this action was not reasonable. The 389.50 hours spent by attorney Mulder is an inordinate expenditure of time, which cannot be justified in light of the level of complexity of the issues involved, the history of this litigation and Plaintiffs' small chance of prevailing when the Department had been in compliance with the consent decree for so many years. The Court has determined that it was reasonable for Mulder to expend 260 hours on his opposition to termination of the consent decree. The time expended by law students McDonald and Sufi, and paralegal Streby, was reasonable. The hours listed below are approved:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Kevin Mulder | 260.00 | $165 | $ 42,900.00 |
| Tiffanie McDonald | 19.00 | $ 50 | $ 950.00 |
| Awais Sufi | 5.00 | $ 50 | $ 250.00 |
| Barbara Streby | 18.10 | $ 65 | $ 1,176.50 |
| | | Opposition to Termination Subtotal: | $ 45,276.50 |

### D. Litigation Costs and Propriety of Charging Costs for Independent Expert

■ The third issue before the Court is whether Plaintiffs are entitled to the litigation costs they incurred, including the cost of obtaining an outside expert in an attempt to defeat the termination of the consent decree.

The record indicates that Plaintiffs incurred $10,249.32 in litigation costs, $8,362.00 of which is attributable to expenses for Plaintiffs' expert, and $1,887.32 of which is attributable to other costs.

Defendants first object to all of the costs on the grounds given in their objections to

the attorney fees for the preliminary injunction motion and the opposition to termination of the consent decree. As discussed above, costs incurred in connection with those efforts are compensable.

Defendants second object to the $8,362.00 in expert costs. They cite *West Va. Univ. Hosp. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), for the proposition that 42 U.S.C. § 1988 does not authorize the shifting of expert witness fees to the defendant in a civil rights action. Defendants' contention is erroneous. Eight months after *Casey* was decided, Congress amended § 1988 and added a new section that expressly authorizes fee-shifting for expert witnesses. Pub.L. 102–166, § 113(a)(2) (1991) (codified at 42 U.S.C. § 1988(c)).

Defendants have not shown, nor even argued, that the litigation costs incurred by Plaintiffs were not reasonable and necessary, and of a type ordinarily necessary to a successful outcome. Plaintiffs' litigation costs of $10,249.32 are approved in their entirety.

### E. Administrative Representation of Individual Class Members

■ The fourth issue before the Court is whether Plaintiffs are entitled to attorney fees incurred in connection with the representation of individual class members before the Civil Service Commission. The Supreme Court has held that attorney fees incurred in connection with administrative proceedings are compensable under § 1988 "only when those proceedings are part of or followed by a lawsuit," *North Carolina Dept. of Transp. v. Crest St. Community Council*, 479 U.S. 6, 14, 107 S.Ct. 336, 341, 93 L.Ed.2d 188 (1986), and "of a type ordinarily necessary to advance the civil rights litigation," *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 243, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985). The Plaintiff has the burden of showing that the items incurred in connection with the administrative proceeding advanced the litigation effort, and that the time spent on the administrative proceedings was inextricably linked to the issues raised in the litigation for which fees are sought. *Clark v. Board of Educ.*, 907 F.Supp. 826, 830 (D.N.J.1995); *Finkelstein v. Bergna*, 804 F.Supp. 1235, 1260 (N.D.Cal.1992).

The Court finds that Plaintiffs have met that burden. The appeal of an adverse employment decision that may have been made for impermissible reasons relates directly to monitoring and enforcement of the consent decree. Furthermore, an applicant's right to appeal his or her rejection arose out of the consent decree itself, not out of some unrelated labor contract or state or local ordinance. The 21.10 hours that attorney Keith Mulder spent on this portion of the litigation are approved in their entirety.

### F. Preparation of Fee Petition

■ The final issue before the Court is what constitutes a reasonable amount of time spent in preparing the affidavits accompanying Plaintiffs' request for fees. Defendants do not object to the $243.00 billed by the law firm of Cooper, Walinski & Cramer.[3] Defendants do object, however, to 15.9 of the 18.9 hours spent by attorney Mulder in drafting and revising fee affidavits; Defendants argue that the affidavits and application could have been prepared in three hours.

The Court agrees that 18.9 hours is an inordinate amount of time to spend on a fee application of this size and level of complexity. It disagrees that the necessary work could have been done in three hours. The Court finds that ten hours is a reasonable amount of time to spend in preparation of the fee affidavits and application, and ten hours are approved.

### G. Summary

Plaintiffs are entitled to fees and costs for the following:

**3.** In the Court's final award, these fees have been increased by $500.00 to compensate Cooper, Walinski & Cramer for time spent in preparation for and attendance at the January 2, 1997 hearing.

| | | |
|---|---|---|
| A. | Motion to Enjoin Hiring of 1995 Police Class | Mulder - 91.4 hours |
| B. | Opposition to Termination of Consent Decree | Mulder - 260 hours |
| | | McDonald - 19 hours |
| | | Sufi - 5 hours |
| | | Streby - 18.10 hours |
| C. | Litigation Costs | $10,249.32 |
| D. | Administrative Representation | Mulder - 21.1 hours |
| E. | Preparation of Fee Petition | Mulder - 10 hours |
| | | Cooper, Walinski & Cramer - $743.00 |
| F. | Unobjected Fees | Mulder - 28.4 hours |

---

### III. CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to attorney fees and costs in the total amount of $80,518.82, broken down as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Kevin Mulder | 410.90 | $165 | $ 67,650.00 |
| Tiffanie McDonald | 19.00 | $ 50 | $ 950.00 |
| Awais Sufi | 5.00 | $ 50 | $ 250.00 |
| Barbara Streby | 18.10 | $ 65 | $ 1,176.50 |
| | | ABLE Attorney fees subtotal: | $ 70,026.50 |
| | | Litigation expenses: | $ 10,249.32 |
| | | Outside Counsel for Fee Petition: | $ 743.00 |
| | | GRAND TOTAL: | $ 81,018.82 |

---

IT IS SO ORDERED.